Phillip DAIGLE

v.

MARINE CONTRACTORS, INC. et al.

Civ. A. No. 77–0400.

United States District Court,
W. D. Louisiana,
Lafayette Division.

Jan. 31, 1979.

Anthony D. Moroux, Domengeaux & Wright, Lafayette, La., for plaintiff.

Frank E. Neuner and John G. Torian, II, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, La., for defendant.

## RULING ON MOTION

DAVIS, District Judge.

### STATEMENT OF THE CASE

This suit seeks recovery of damages against Marine Contractors, Inc., under the Jones Act, for injuries allegedly sustained on November 19, 1974.

The defendant, Marine Contractors, Inc., filed a motion for summary judgment seeking a dismissal of this suit on grounds that plaintiff's present action is precluded by a judgment rendered in a prior action.

### PRIOR LITIGATION

Plaintiff instituted Suit No. 75–1109 in the United States District Court for the Eastern District of Louisiana, claiming damages for injuries received while in the employ of defendant on August 28, 1973. The initial injury was diagnosed as a ruptured disc at the C–4–5 area. Surgery was performed at that disc level and thereafter plaintiff returned to work for his employer. Following his return to work, disc ruptures were diagnosed at the C–3–4 level and the C–5–6 level.

Civil Action No. 75–1109 proceeded to trial in the Eastern District on April 15, 1976. After the case had been submitted to the jury, one of the jurors died and the court declared a mistrial. The case was retried on June 7–9, 1976. That trial resulted in a verdict in favor of the plaintiff and against Marine Contractors, Inc., in the amount of $135,000 which was reduced to $101,250 as a result of plaintiff's contributory negligence.

At both the April, 1976 and the June, 1976 trials, the plaintiff proceeded on a theory that the disc injuries at all three levels enumerated above resulted from injuries he received in the August, 1973 accident. At both trials, the defendant urged that the disc injuries which manifested themselves after plaintiff returned to work for the defendant were not a result of the August, 1973 accident but rather resulted from other causes, including an accident which occurred aboard defendant's vessel on November 19, 1974. Plaintiff, in pretrial discovery testimony and in testimony at both trials, took the firm position that all disc ruptures emanated from the August, 1973 accident. Plaintiff admitted that a minor incident occurred on November 19, 1974, but he minimized the significance of that incident and denied that any of his injuries resulted from that incident. Plaintiff's medical evidence was woven around this theory of the case.

### THE PRESENT LITIGATION

Following satisfaction of the judgment rendered on the June, 1976 verdict, plaintiff instituted this action in which he alleged that the disc ruptures at the C–3–4 and C–5–6 interspaces were caused by the November 19, 1974, accident. Plaintiff urges that he made a simple mistake in the prior action in asserting that the C–3–4 and C–5–6 disc injuries resulted from the August, 1973 accident and alleges that he can produce at least one medical witness who has the opinion that the ruptures at those disc levels were caused by the November, 1974 accident. Plaintiff takes the position that the size of the jury award indicates that the jury accepted the defendant's argument that two of the disc ruptures were not caused by the August, 1973 accident.[1]

1. The verdict form given the jury in the Eastern District action, No. 75–1109, did not require the jury to specify its findings with respect to this issue.

2. Since 1942, when the Restatement of Judgments was adopted, the trend seems to be in

### ISSUE

Abstractly stated, the issue presented is whether a judgment rendered in Action # 1 on a claim by a plaintiff that Injury A was caused by Accident Z precludes plaintiff from maintaining Action # 2 in which plaintiff claims that Injury A was caused by Accident Y.

### DISCUSSION

■ The doctrine of res judicata grants conclusive effect to a prior judgment where the subsequent action is between the same parties and on the same claim or cause of action.[2] No question is presented in this case as to any lack of identity of parties; the issue relates to whether the instant suit involves the same claim or cause of action as was litigated in the previous case.

The issue therefore narrows to whether the subject matter of the claim presented and litigated in the first action is sufficiently close to the claim plaintiff seeks to litigate in this action so that the first judgment precludes plaintiff's present suit.

Some of the criteria which should be considered in determining whether the scope of the claim previously litigated was sufficiently broad to preclude the present suit are set forth in §§ 61 and 63 of the Restatement of Judgments (1942).

Those sections provide:

§ 61. WHERE EVIDENCE NEEDED IN SECOND ACTION WOULD HAVE SUSTAINED THE PRIOR ACTION

Where a judgment is rendered in favor of the plaintiff or where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action.

favor of substituting "claim" for "cause of action."

*Compare* § 47, Restatement of Judgments (1942) *with* § 47, Tentative Draft Nos. 1 *and* 5, Restatement (Second) of Judgments.

## § 63. OTHER GROUNDS FOR THE SAME RELIEF—JUDGMENT FOR DEFENDANT

Where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining an action on the same cause of action although he presents a ground for the relief asked other than those presented in the original action, except where the defendant's fraud or misrepresentation prevented the plaintiff from presenting such other ground in the original action.[3]

This question has been treated more extensively by the redactors of the Restatement (Second) of Judgments in their Tentative Draft No. 1 (March, 1973) and repeated in Draft No. 5 (March, 1978) §§ 61 and 61.1.

## § 61. DIMENSIONS OF "CLAIM" FOR PURPOSES OF MERGER OR BAR—GENERAL RULE CONCERNING "SPLITTING"

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 47, 48), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

## § 61.1 EXEMPLIFICATIONS OF GENERAL RULE CONCERNING SPLITTING

The rule of § 61 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action

(a) To present evidence or grounds or theories of the case not presented in the first action, or

(b) To seek remedies or forms of relief not demanded in the first action.

The reporter's comment under § 61.1 gives guidance as to the nature of the matters precluded by the prior litigation.[4]

■ Plaintiff argues in this case that the only matters precluded by the prior judgment relate to his claim for injuries which occurred in the August, 1973 accident. He contends that the claim asserted in this action for damages arising from injuries sustained in the November, 1974 accident is a separate cause of action and is not precluded by the prior judgment.

Based upon the principles and criteria outlined above, I conclude that plaintiff views too narrowly the scope of the claim that has been extinguished.

Plaintiff, in his prior action, claimed damages for the identical injuries which serve as the basis for this suit. His claim for damages in this action amounts to nothing more than a shift of the evidence on this particular aspect of his claim. Plaintiff simply seeks to change his ground of recovery and alter his theory of the case in order to proceed with this action. The identical

---

**3.** This rule is stated in a slightly different fashion in the case of *James v. Gerber Products Co.,* 587 F.2d 324, 328 (6th Cir. 1978) where the court states that:

'a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented.' *Cromwell v. County of Sac,* 94 U.S. 351, 353, 24 L.Ed. 681 (1876).

**4.** "The rule of § 61 puts some pressure on the plaintiff to present all his material relevant to the claim in the first action; this is similar to the coercion on the defendant to produce all his defenses (see § 47). The material to be brought forward comprises, roughly, 'evidence'—connoting facts; 'grounds'—facts grouped under a legal characterization; 'theories of the case'—premises drawn from the substantive law; 'remedies or forms of relief'—measures or kinds of recovery." Tentative Draft § 61.1 at 155–56.

**1246**

issue which plaintiff seeks to present here was presented in the previous action, namely, were plaintiff's injuries caused in the August, 1973 accident or the November, 1974 incident?

As a matter of public policy, there must be a finality to litigation. A holding which would permit this plaintiff to relitigate his damage claim for injuries to two disc levels would represent authority for permitting any plaintiff dissatisfied with the outcome of his case to file a second action and allege that his injury occurred at some different time and place than he claimed initially.

For the foregoing reasons, the defendant's motion for summary judgment is granted. Judgment will be entered by separate instrument dismissing plaintiff's suit.